# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-61554

**SANDRA GOMEZ**,

Plaintiff,

v.

**HARRIS & HARRIS, LTD., INC.,**

Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Sandra Gomez ("Plaintiff") sues Defendant Harris & Harris, Ltd., Inc. ("Defendant") for violating § 1692e(2)(A) of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.     Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

3.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4.     Defendant is a Illinois corporation, with its principal place of business located in Chicago, Illinois.

5.     Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

6.      At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## DEMAND FOR JURY TRIAL

7.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8.      On March 29, 2019, Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment that required medical treatment and/or services (the "Work-Injury").

9.      On March 29, 2019, the same day of the Work-Injury, Broward Health Medical Center ("BHMC") provided Plaintiff with a portion of the required medical services needed to treat the Work-Injury, whereby the only medical services provided to Plaintiff by BHMC were for the treatment of the Work-Injury.

10.      At the time BHMC provided its respective medical services to Plaintiff, Plaintiff informed BHMC that the sought treatment was for the Work-Injury.

11.      BHMC charged a fee for the provision of its (BHMC's) respective medical services for treatment of the Work-Injury (the "Consumer Debt").

12.      The Consumer Debt arose from Plaintiff's work-related accident and injuries.

13.      On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

14.      Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

15.      Defendant is a business entity engaged in the business of collecting consumer debts.

*LAW OFFICES OF JIBRAEL S. HINDI, PLLC*
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

16.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.     Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

18.     Defendant's "Consumer Collection Agency" license number is CCA0900582.

19.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

20.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

21.     On a date better known to Defendant, Defendant sent a collection letter, internally dated August 01, 2019, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

22.     The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

23.     The Collection Letter represents an action to collect a debt by Defendant.

24.     The Collection Letter demanded payment from Plaintiff in the amount of $1,445.

25.     Upon Plaintiff's receipt of the Collection Letter, Plaintiff reviewed and otherwise read the Collection Letter.

26.     In so doing, Plaintiff realized that the debt sought by the Collection Letter, *i.e.*, the Consumer Debt, arose from treatment afforded to Plaintiff on March 29, 2019, for the workplace injury sustained by Plaintiff that same day.

27.     Upon this realization, Plaintiff became visibly upset and emotionally distraught. Despite having been so egregiously injured at work that Plaintiff needed to seek medical treatment,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the Collection Letter subjected Plaintiff to further undue pain and suffering by way of unlawful

debt collection and wasted Plaintiff's time.

28.     In addition to causing Plaintiff actual harm, the Collection Letter wasted Plaintiff's

time. Plaintiff would not have wasted time reading the Collection Letter, Plaintiff would not have

wasted time trying to understand why Plaintiff was the target of wrongful and otherwise unlawful

collection activity, and Plaintiff would not have wasted time deliberating what to do about the

Collection Letter. At minimum, all such wasted time would have been completely avoided had

Defendant not sent the Collection Letter to Plaintiff – but such is not the case – and the time

Defendant caused Plaintiff to waste cannot be undone.

29.     More importantly, had the Collection Letter not falsely represented payment of the

Consumer Debt as Plaintiff's direct, personal problem, Plaintiff's suffering would have been

limited to the Work Injury – but such is also not the case.

30.     Notwithstanding the time which the Collection Letter caused Plaintiff to waste,

Defendant, by and through the Collection Letter, inflicted frustration, pain, confusion, and distrust,

as well as emotional turmoil, onto Plaintiff, of which compound what Plaintiff endured due to the

Work Injury. All of the aforementioned injuries suffered by Plaintiff constitute a concrete harm.

## **ARTICLE III STANDING**

31.     "Under settled precedent, the 'irreducible constitutional minimum' of standing

consists of three elements: the plaintiff must have suffered an injury in fact, the defendant must

have caused that injury, and a favorable decision must be likely to redress it. The party invoking

the jurisdiction of a federal court bears the burden of establishing these elements to the extent

required at each stage of the litigation." Trichell v. Midland Credit Mgmt., 964 F.3d 990, *7 (11th

Cir. 2020) (*citing* and *quoting* Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Simplified, Article III standing has three leading components: (1) *injury in fact*; (2) *causation*; and (3) *redressability.*

32.    "The 'foremost' standing requirement is **injury in fact**." Trichell at \*8 (emphasis added) (*quoting* Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103 (1998)).

33.    "An injury in fact consists of '**an invasion of a legally protected interest**' that is both '**concrete** and **particularized**' and '**actual** or **imminent**, not conjectural or hypothetical.'" Trichell at \*8 (emphasis added) (*quoting* Lujan, 504 U.S. 555 at 560). Simplified, *injury in fact* has four components: an (1) actual or imminent, and not conjectural or hypothetical, (2) invasion of a legally protected interest (3) that is concreate and (4) particularized. *See* Spokeo, 136 S. Ct. 1540 at 1548 ("To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" (*quoting* Lujan, 504 U. S. 555 at 560)); *see also* Cooper v. Atl. Credit & Fin., No. 19-12177, 2020 U.S. App. LEXIS 23719, at \*8 (11th Cir. July 28, 2020) ("To establish standing, a plaintiff must instead '**show that the violation harmed** … **the underlying concrete interest that Congress sought to protect**.'" (emphasis added) (*quoting* Casillas v. Madison Ave. Assocs., 926 F.3d 329, 333 (7th Cir. 2019)).

34.    "To be **particularized**, the injury 'must affect the plaintiff in a personal and individual way.' [*quoting* Lujan, 504 U. S. 555 at 560 n.1]. In other words, 'the injury in fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured.' [*quoting* Sierra Club v. Morton, 405 U.S. 727, 734-35 (1972)]. The same principle holds true when the plaintiff invokes a statutory cause of action: 'where a statute confers new legal rights on a person, that person will have Article III standing to sue where the facts establish a **concrete**, **particularized**, and **personal injury** to that person as a result of the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

violation of the newly created legal rights.'" <u>Trichell</u> at \*17 (emphasis added) (*quoting* <u>Palm Beach</u> <u>Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.</u>, 781 F.3d 1245, 1251 (11th Cir. 2015)).

35.    "A '**concrete'** injury must be '*de facto*' – that is, it must be '**real**, and not abstract.'" <u>Trichell</u> at \*8 (emphasis added) (*quoting* <u>Spokeo, Inc. v. Robins</u>, 136 S. Ct. 1540, 1548 (2016)). "As a general matter, **tangible injuries qualify as concrete**." <u>Trichell</u> at \*8 (*quoting* <u>Spokeo</u>, 136 S. Ct. 1540 at 1549). Allegations of either having "**made any payments** in response to" a challenged collection letter "or even … **wasted time** *or* **money** in determining whether to do so" are tangible and otherwise concrete injuries. <u>Trichell</u> at \*8 (emphasis added).

## <u>SCOPE OF TRICHELL</u>

36.    In <u>Trichell</u>, the Eleventh Circuit pointedly grappled the *injury in fact* component of Article III standing – and in particular – whether the *intangible* injuries alleged by the plaintiffs were capable of satiating the overarching *injury in fact* requirement. The <u>Trichell</u> court observed the injuries alleged by the plaintiffs as *intangible* because, although claiming to have **received** *misleading* and *unfair* collection letters that violated their rights under 15 U.S.C. § 1692e (generally prohibiting *misleading* communications in connection with the collection of a consumer debt) and § 1692f (generally prohibiting *unfair* communications in connection with the collection of a consumer debt), **neither plaintiff alleged to have been misled or otherwise unfairly mislead by their respective collection letter**.

37.    Without allegations indicating that the plaintiffs themselves were misled, and because the *specific* section of the FDCPA advanced by the plaintiffs only prohibited *misleading* communications, any ability to satiate Article III standing by the plaintiffs quickly crumbled. Put differently, because the plaintiffs' claim was that the underlying collection letters were misleading and/or otherwise unfair, **in light of the fact that neither plaintiff alleged to have been misled**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
<u>www.JibraelLaw.com</u>

**themselves**: [1] there was no palpable *actual* injury, but instead, merely the risk of an *imminent* injury, of which the court found insufficiently imminent, *and* [2] there was no sufficiently concrete *or* particularized injury because the plaintiffs did not allege more than an injury to a cognizable interest (*i.e.*, the plaintiffs *only* alleged the collection letters could unlawfully mislead the least sophisticated consumer, and *not* that the plaintiffs themselves were unlawfully mislead).

38.     Simply put, <u>Trichell</u> confirms that, to the extent a plaintiff is seeking to enforce an invasion of a statutorily created interest (*e.g.*, § 1692e of the FDCPA which *generally* prohibits misleading communications in connection with the collection of a debt from a debt collectors), a plaintiff cannot manifest the necessary *injury in fact* unless the plaintiff alleges a **concrete**, **particularized**, and **personal injury** caused by the violation of said statutorily created right.

39.     With respect to Plaintiff and the immediate action, <u>Trichell</u> affords *some* utility to the analysis of whether Plaintiff has sustained and alleged the necessary *injury in fact*. In large, however, <u>Trichell</u> is of limited application, as the focus of <u>Trichell</u> was the sufficiency of the *intangible* injury alleged by the plaintiffs.

40.     Here, unlike the plaintiffs of <u>Trichell</u>, Plaintiff has sustained *tangible injuries*, *see* <u>supra</u> ¶¶ 21-30, the likes of which are objectively concrete. *See* <u>Trichell</u> at *8 (*exemplifying allegations of either having "made any payments in response to" a challenged collection letter "or even … wasted time or money in determining whether to do so" as tangible and otherwise concrete injuries for purposes of Article III standing).

41.     Further, as alleged below, because Defendant's violation of 15 U.S.C. § 1692e(2)(A) (of which condemns, among other things, *false* representations regarding the *character* or *amount* of the underlying debt) caused *tangible* injury to Plaintiff, it is without question that Plaintiff's *actual* injuries are sufficiently *particularized*. Thus, Plaintiff has

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

sufficiently established the *injury in fact* component of Article III standing, leaving only *causation* and *redressability* – the likes of which are equally satisfied, as a decision in Plaintiff's favor will afford Plaintiff both the *actual* and *statutory* damages sought herein and, *but for* the Collection Letter, Plaintiff *would not* have sustained the complained of concrete injuries.

*COUNT I.*
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**

42.     Plaintiff incorporates by reference paragraphs 1-41 of this Complaint as though fully stated herein.

43.     Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…."

44.     Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

45.     An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

46.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt.*" 15 U.S.C. § 1692e(2)(A). (emphasis added).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

47.     As stated above, Defendant mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. The Collection Letter falsely represents that Plaintiff is responsible for the repayment of the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services rendered by BHMC, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff.

48.     Defendant by and through the Collection Letter, falsely represents the character of the Consumer Debt, *in that*, the Collection Letter falsely represents Consumer Debt as a debt which Plaintiff is solely responsible and/or otherwise obligated to pay.

49.     Further, by and through the Collection Letter, Defendant *falsely* represents the amount of the Consumer Debt, *in that*, the $1,445 sought by the Collection Letter exceeds the amount which the creditor, BHMC, is entitled pursuant to the fee schedules and/or guidelines for services rendered to injured workers such as Plaintiff.

50.     Thus, by and through the **Collection Letter**, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the *character* of the Consumer Debt, as well as by falsely representing the *amount* of the Consumer Debt.

51.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)     Actual damages as provided by 15 U.S.C. §1692k;

(b)     Statutory damages as provided by 15 U.S.C. §1692k;

(c)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(d)     Any other relief that this Court deems appropriate under the circumstances.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

DATED: July 31, 2020

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136

**PAUL A. HERMAN, ESQ.**
Florida Bar No.: 405175
E-mail: paul@consumeradvocatelaw.com
CONSUMER ADVOCATES LAW GROUP, PLLC
4801 Linton Blvd., Suite 11A-560
Delray Beach, Florida 33445
Phone:     (561) 236-8851

**JOEL A. BROWN, ESQ.**
Florida Bar No.: 66575
E-mail: joel.brown@friedmanandbrown.com
FRIEDMAN & BROWN, LLC
3323 NW 55th Street
Fort Lauderdale, Florida 33309
Phone:     (954) 966-0111

*COUNSEL FOR PLAINTIFF*